IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Davidson & Bennett and Davidson Bennett )
& Wigger,                                )
                                         )
                    Plaintiffs,          )    C/A No. 2:05-1759-DCN
                                         )
          vs.                            )
                                         )    **ORDER and OPINION**
CNA Reinsurance Co., Ltd; Clarendon      )
National Insurance Co.; and Lawyers      )
Protector Plan,                          )
                                         )
                    Defendants.          )
_____)

## I.    BACKGROUND

This matter is before the court on defendants Clarendon National Insurance

Company ("Clarendon") and Lawyers Protector Plan's ("LPP") motion for summary

judgment.  Defendant Continental Casualty Company (incorrectly named as CNA

Reinsurance Company Limited) was dismissed in a consent order filed September 22,

2005.  The court has reviewed the briefs submitted by the parties and the oral arguments

presented at the hearing held August 21, 2006.

This is a declaratory judgment action filed by plaintiff Davidson & Bennett and

Davidson Bennett & Wigger regarding coverage allegedly owed under a Lawyers

Professional Liability Policy issued by defendants.  LPP is the authorized third-party

administrator for Clarendon.  The Policy affords coverage pursuant to its terms and

conditions for claims made against an insured and reported to Clarendon during the

policy period from November 14, 2000 to November 14, 2001.  The policy provided

coverage on a "claims made" basis as set forth in the pertinent language found in the

Insuring Agreement:

> A.      Coverage
> The Company agrees to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses becuse of a **claim that is both first made against the Insured** and reported in writing to the Company **during the policy period** by reason of an act or omission in the performance of legal services by the Insured or by any person for whom the Insured is legally liable.

Policy 1(A) (emphasis added). The policy defines "claim" as "a demand received by the Insured for money or services arising out of an act or omission, including personal injury, in the rendering of or failure to render legal services." Policy III(C).

On August 26, 1999, Mark W. Ellis, individually and in the right of American Survey, Inc. instituted a lawsuit in Charleston County Court of Common Pleas, Civil Action Number 99-CP-10-3195, asserting claims including breach of fiduciary duty, lawyer malpractice, conversion, civil conspiracy, negligent misrepresentation, fraud, and other claims against Eric J. Davidson, L. Russell Bennett, Jarrel L. Wigger, Mark W. Weeks, Kelly Davis, American Survey, Inc., and Davidson and Bennett (hereinafter "the Underlying Lawsuit"). Defendants in the Underlying Lawsuit filed an answer and counterclaim on September 28, 1999.

The Complaint in the Underlying Lawsuit alleged that plaintiffs committed "lawyer malpractice" in the following particulars:

> a.  By failing to properly advise the Plaintiff and protect his property interest in American;
>
> b.  By failing to advise the Plaintiff as to any conflicts of interest that the Defendants had in their alleged roles as American shareholders as measured against their roles as attorneys for the Plaintiff and advising him regarding his property interest of equity

and income from the corporation's business;

  c.  By drafting a buy-out agreement of the alleged
  shareholders or Defendants in this action, which provided
  for the Plaintiff to purchase such alleged interests, and then
  advising the Plaintiff to sign such prepared agreement.

<u>See</u> Def.'s Mem. for Summ. J., Ex. B ¶ 61.  This claim was dismissed in March 2001.

  An Amended Complaint was filed with the state court on April 11, 2001 which alleged attorney malpractice against all defendants except Davis and American, and further distinguished the claims against the individual defendants.  The Complaint contained identical allegations of malpractice as in the original Complaint.  <u>See</u> Def.'s Mem. for Summ. J., Ex. C, ¶ 53.  Written notice of the lawsuit was first sent by a letter from Jarrel L. Wigger to Greg Rollins dated April 24, 2001, and received May 1, 2001. <u>See</u> Def.'s Mem. for Summ. J., Ex. D.

  Plaintiffs filed their original application for the Policy on October 27, 2000. Plaintiffs submitted an application for renewal of their policy on or about November 7, 2001.  <u>See</u> Def.'s Mem. for Summ. J., Ex. F.  Plaintiffs did not include any information on the renewal application indicating that a claim relating to the Underlying Lawsuit existed.  Finally, plaintiffs filed a supplemental application dated November 18, 2001.  In response to question six on the supplemental application, plaintiffs responded that "notice was received of the claim or incident made against the firm: 8/1999".  <u>See</u> Def.'s Mem. for Summ. J., Ex. G.  Additionally, plaintiffs responded "the incident or claim was reported to the firm's insurer: 4/24/01." <u>Id</u>.

Pursuant to Section I of the Policy, because the claim was first made prior to the effective date of the first policy, defendants claimed no defense or indemnity obligation under the Policy with respect to the Ellis action.  Accordingly, coverage was denied under the Policy.  This action followed.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact.  Fed. R. Civ. P. 56(c).  When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Evidence should be viewed in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment.  Id. at 251.

## III.    DISCUSSION

In the instant case, the type of claim asserted by Ellis and American Surveying in the underlying lawsuit is not at issue.  The complaint in the Underlying Lawsuit was filed on August 26, 1999 and plaintiffs in this action filed their response and counterclaim on

4

September 28, 1999.  By their own admission, Plaintiffs received notice of the lawsuit and claims contained therein in August 1999.  At the hearing on this motion, plaintiffs acknowledged that the August 1999 complaint constituted a claim as defined by the policy.

Plaintiffs argue that the dismissal by the state Circuit Court in April 2001 extinguished the claim arising in 1999.  Therefore, when the Amended Complaint was subsequently filed, it was a "new claim" which was then reported during the policy period under consideration in this action.  However, amendments to a pleading relate back to the original date of the pleading where the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading.  S.C. R. Civ. P. R. 15(c).  The Amended Complaint was identical to the original complaint with respect to the malpractice claims for which plaintiff seeks coverage.  Further, the claims dismissed by the Circuit Court did not cease to exist; rather, they continued through the appellate process and were ultimately remitted to the state court with the same civil action number.  See S.C. Appellate Ct. R. 205, 225.  Consequently, plaintiff's argument that the Amended Complaint constituted a "new claim" fails as a matter of law.

The clear and unambiguous terms of the policy require that for coverage to exist, the claim be "both first made against the Insured and reported in writing to the Company during the policy period."  Because the underlying claim was not first made during the policy period, no coverage exists.

5

### III.     CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that defendants' motion

for summary judgment is **GRANTED** with prejudice.


**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 24, 2006**
**Charleston, South Carolina**